990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chris BRASSEUR, Plaintiff-Appellant,
v.
EMPIRE TRAVEL SERVICE, INC. et al., Defendant-Appellee.
 No. 91-16657.
 United States Court of Appeals, Ninth Circuit.
 Argued March 10, 1993.
Submitted April 7, 1993.
Decided April 9, 1993.
 
 MEMORANDUM*
 Before PREGERSON, CHOY and BEEZER, Circuit Judges.
 
 
 1
 Plaintiff Chris Brasseur appeals the denial of her motion to vacate the judgment of the district court enforcing a settlement with Mexicana Airlines. She contends the district court had no jurisdiction to enter the settlement. She claims the attorney who entered the settlement had no authority to represent her, and that the judge erred in asking her if the attorney had accurately set out the terms of the settlement. She also claims that Mexicana breached the agreement by not paying her immediately and by introducing unfavorable, material terms in the release agreement. We reverse.
 
 
 2
 Brasseur challenges the "hold harmless" clause in the release tendered by Mexicana as a material element of the release which was not an agreed-upon term. She had not anticipated the clause would be part of the release and refused to sign the release in part due to concern about the effect of the clause. Signing the release with the "hold harmless" clause would commit Brasseur to indemnify Mexicana from any third party suits which might arise out of the same incident giving rise to her suit against Mexicana. "The construction and enforcement of settlement agreements are governed by principles of local law [here, California law] which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). The district court's interpretation that a party's agreement to release all claims signifies agreement to a "hold harmless" clause is a matter of law reviewable de novo. Id.
 
 
 3
 In Greyhound Lines, Inc. v. Superior Court, 98 Cal.App.3d 604 (1979), the California Court of Appeal addressed the "hold harmless" clause in this exact context. In that case, a plaintiff who had orally agreed to settle in a conference before the state trial court later refused to sign the release because of the "hold harmless" clause. The state trial court refused to enforce the settlement, finding that the parties had not agreed on a material term. The appellate court in Greyhound Lines affirmed the trial court's decision.
 
 
 4
 In Greyhound Lines, as here, the defendant did not argue that the clause was not a material term of the agreement. The Greyhound Lines opinion illustrates that a "hold harmless" clause is not just one element of a general release. Where "the parties did not orally agree to all of the material provisions of the settlement," Greyhound Lines, 98 Cal.App.3d at 609, we will not enforce the settlement agreement.
 
 
 5
 Aside from the release issue, we note that the settlement agreement called for Brasseur to receive a certain sum of money in return for her release of all claims and the dismissal of her suit against Mexicana. Mexicana apparently never tendered that sum either to Brasseur or the court. In fact, the release which Brasseur declined to sign included a clause whereby Brasseur was to acknowledge receipt of the money when she had not yet received any money.
 
 
 6
 The district court's order to enforce the settlement agreement is REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3